IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JONATHAN MOORE,<br>Defendant. | Case No. 13-cr-00080-CW<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>(Re: Dkt. No. 59) |

Now before the Court is Defendant Jonathan Moore's motion for early termination of his term of supervised release. The government opposes the motion. For the reasons set forth below, the Court GRANTS the motion.

**I.   BACKGROUND**

On May 13, 2013, Moore pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One). Docket No. 16. The Court sentenced Moore to sixty-six months in custody, followed by three years of supervised release. Docket No. 26. Moore was released from custody and began his term of supervised release on February 20, 2018. Docket No. 45.

On July 9, 2019, the Court revoked Moore's term of supervised release for violating the terms of the same for committing a new federal, state, or local crime and failing to notify the probation officer of the fact that he was arrested. Docket No. 55. The Court sentenced Moore to four months in custody, followed by a new term of supervised release of thirty-two months. *Id.* During the proceedings held on July 9, 2019, with respect to Moore's violations of supervised

release, the Court stated that it would consider terminating Moore's thirty-two-month term of supervised release early if Moore accumulated "18 months' worth of work, place to live, no violations of registration, [and] certainly no violations of any kind of sexual misconduct. If I saw that for 18 months, I'd be happy to cut it off sooner." Docket No. 58 at 15.

Moore's thirty-two-month term of supervised release commenced on October 17, 2019, and it is set to expire on June 16, 2022. ECF No. 56. On October 2, 2020, the Court took judicial notice of the fact that Moore tested positive for marijuana. *Id.* Moore has not otherwise violated the terms of his supervised release since the Court imposed the current thirty-two-month term on July 9, 2019.

On January 11, 2022, Moore filed the present motion for early termination of his thirty-two-month term of supervised release. Docket No. 59. Thereafter, the Probation Office filed a report and recommendation at the Court's request. It provides:

> Jonathan Moore released from custody and began his second term of supervised release on October 17, 2019. Since that time, Mr. Moore has resided at the same address in San Francisco. According to the San Francisco Police Department, he is current with his sex offender registration. Mr. Moore has continued to attend monthly maintenance sex offender treatment services at Hope Sex Offender Treatment Services in San Francisco. He has worked on impulse control and not using public exposure as a source of sexual gratification. His clinician reports that he has developed insight over the last year of services. Mr. Moore is employed at Hospitality House in San Francisco. There are no outstanding obligations to the Court. . . . Mr. Moore has done well on supervision over the last sixteen months. There have been no violations of supervised release since a marijuana positive in September 2020.

Docket No. 63 at 1-2. The report further states that, while the Probation Office "believes that Mr. Moore could benefit from continuing on supervision through June 16, 2022," it "respectfully defers to the Court as to whether or not Mr. Moore's term of supervised release should be terminated four and a half months early." *Id.* at 2.

## II.   LEGAL STANDARD

After considering the applicable 18 U.S.C. § 3553 factors, a court may terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. *See* 18

1  U.S.C. § 3583(e)(1).  "The expansive phrases 'conduct of the defendant' and 'interest of justice'
2  make clear that a district court enjoys discretion to consider a wide range of circumstances when
3  determining whether to grant early termination."  *United States v. Emmett*, 749 F.3d 817, 819 (9th
4  Cir. 2014).
5        The relevant § 3553 factors are: (1) the nature and circumstances of the offense and the
6  history and characteristics of the defendant; (2) the need for the sentence imposed to afford
7  adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the
8  public from further crimes of the defendant; (4) the need for the sentence imposed to provide the
9  defendant with needed educational or vocational training, medical care, or other correctional
10 treatment in the most effective manner; (5) the kind of sentence and the sentencing range
11 established for the offense committed; (6) any pertinent policy statement; (7) the need to avoid
12 unwarranted sentence disparities among defendants with similar records who have been found
13 guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.  *See*
14 18 U.S.C. § 3583(e)(1).

### III.  DISCUSSION

16       Moore moves to terminate immediately his thirty-two-month term of supervised release on
17 the ground that he has complied with the conditions that the Court discussed on July 9, 2019, for
18 potentially terminating Moore's term of supervised release early.  Moore argues that, for more
19 than eighteen months, he has been employed and housed, and has had no violations of sex
20 offender registration requirements or violations involving sexual misconduct.  Moore represents
21 that, other than the September 2020 positive marijuana test resolved with judicial notice, he has
22 not violated the terms of his supervised release.  Moore argues that continuing on supervised
23 release is not necessary to prevent him from re-offending, as he "intends to maintain the
24 productive and fulfilling life he has built for himself since his release from custody."  Docket No.
25 59 at 5.
26       The government opposes the motion on the grounds that Moore "has a lengthy criminal
27 history with troubling conduct on supervised release and the remaining 5 months of supervised
28 release would not be burdensome and will give the defendant a longer track record of compliance,

1 providing him with the best opportunity to succeed." Docket No. 62 at 1.  The government
2 contends that Moore's obligations on supervised release are not burdensome, because such
3 obligations are limited to attending sex therapy every other week, submitting a report to Probation
4 every other month, and taking a urine test every few months.  *Id.* at 2-3.  The government does not
5 dispute that Moore has complied with the conditions for terminating his supervised release early
6 that the Court discussed during the July 9, 2019, proceedings.

The Court finds that the relevant § 3553 factors and the interest of justice weigh in favor of granting Moore's motion.  Moore's compliance with the conditions that the Court discussed during the July 9, 2019, proceedings supports a finding that the five months that remain of his thirty-two-month term of supervised release are not necessary to protect the public or to ensure that Moore continues on his path to rehabilitation.  While Moore's supervised release obligations are not burdensome, and, in fact, appear to have been effective, the Court hopes that early termination of his term of supervised release, consistent with what the Court and the parties discussed at the July 9, 2019, proceedings, will motivate him not to offend again.

## IV. CONCLUSION

The Court GRANTS Moore's motion for early termination of his term of supervised release.  Moore's term of supervised release shall be deemed terminated as of the filing of this order.

IT IS SO ORDERED.

Dated: February 3, 2022

CLAUDIA WILKEN
United States District Judge

4